UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRANSAMERICA LIFE INSURANCE
COMPANY,

                        Plaintiff,

v.                                              Case No.  6:20-cv-2258-ACC-GJK

LAWRENCE E. WHITE, as TRUSTEE of
the LAWRENCE E. WHITE TRUST,

                        Defendant.

_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the

following motion:

| | |
|---|---|
| MOTION: | PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE CLERK (Doc. No. 11) |
| FILED: | February 18, 2021 |
| THEREON it is RECOMMENDED that the motion be GRANTED. | |

I.    BACKGROUND.

On December 14, 2020, Plaintiff Transamerica Life Insurance Company, an

Iowa company, filed a complaint against Defendant Lawrence E. White, as Trustee

of the Lawrence E. White Trust, a Florida citizen, alleging breach of contract and unjust enrichment. Doc. No. 1. In 2002, Plaintiff issued three Single Premium Immediate Annuities to the Lawrence E. White Trust, based on the life of annuitant Jacob W. Hoechst. *Id.* at ¶¶ 6-11. The annuities were life only annuities. *Id.* Plaintiff made monthly payments on the annuities consistent with the contracts. *Id.* at ¶ 12. Attached to the Complaint are the Policy Data, Application, and Life Only Disclosures for each annuity. Doc. Nos. 1-1, 1-2, 1-3.

"On January 10, 2020, [Defendant] notified [Plaintiff] that the annuitant had passed away [on] October 4, 2019, and that [Defendant] had received overpayments on the Annuities after the annuitant's death." Doc. No. 1 at ¶ 13. Plaintiff ended the monthly payments and requested repayment of the payments it made between October 4, 2019, and January 10, 2020. *Id.* at ¶ 15. Plaintiff made the following payments to Defendant during that time period:

> a. Three payments made after the annuitant's death on Annuity No. 7405701 of $83,487.74 each, in the total amount of $250,463.22.
> b. Three payments made after the annuitant's death on Annuity No. 7406418 of $56,832.02 each, in the total amount of $170,496.06.
> c. Four payments made after the annuitant's death on Annuity No. 7407504 of $16,070.26 each, in the total amount of $64,281.04.

Case 6:20-cv-02258-ACC-G_K   Document 12   Filed 05/04/21   Page 3 of 8 PageID 87

*Id.*[1] Plaintiff seeks $485,240.32 in overpayments from Defendant. Doc. No. 1 at ¶ 16. Plaintiff alleges that Defendant has not responded to its multiple written requests for repayment. *Id.* at ¶ 17. Plaintiff asserts claims for breach of contract and unjust enrichment for each of the three annuities. *Id.* at 4-7.

On December 28, 2020, Defendant was served with the complaint and summons. Doc. No. 8. Defendant has not appeared in this action, and on January 25, 2021, a clerk's default was entered against him. Doc. No. 10. On February 18, 2021, Plaintiff moved for entry of a default judgment by the clerk pursuant to Federal Rule of Civil Procedure 55(b)(1) (the "Motion"). Doc. No. 11. The Motion is supported by affidavits and requests that judgment be entered in the sum certain of $485,240.32, plus filing fee costs in the amount of $402, and prejudgment and post judgment interest. *Id.* at 5.

## II.   <u>LAW AND ANALYSIS.</u>

Rule 55(b)(1), Federal Rules of Civil Procedure, provides the clerk with the authority to enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ." The Motion has been referred to the undersigned for consideration. *See A.A. Metals, Inc. v. Sols. In*

---

[1] The three overpayments of $83,487.74 were made on October 24, 2019, November 23, 2019, and December 24, 2019. Doc. No. 11-3 at 3-4. The three overpayments of $56,832.02 were made on October 14, 2019, November 14, 2019, and December 14, 2019. *Id.* at 4. The four overpayments of $16,070.26 were made on October 6, 2019, November 6, 2019, December 6, 2019, and January 6, 2019. *Id.* at 5.

3

*Stainless, Inc.*, No. 6:13-CV-330-GAP-DAB, 2013 WL 12207503, at *1 (M.D. Fla. May 6, 2013), *report and recommendation adopted*, 2013 WL 12205841 (M.D. Fla. May 23, 2013) ("Although Rule 55(b)(1) provides for entry of default judgment by the Clerk on Plaintiff's request if the claim is for a sum certain ... it is the policy of this Court to review such motions and direct the entry of judgment, if appropriate.").

When a party against whom a judgment for affirmative relief is sought failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the clerk enters a default. Fed. R. Civ. P. 55(a). The mere entry of a default by the clerk does not in itself warrant the entry of a default judgment by the Court. Rather, before entering a default judgment, the Court must find that there is a sufficient basis in the pleadings for the relief requested. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.");[2] *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (same). Thus, the standard for reviewing a default judgment motion is "akin to [the standard] necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citing *Chudasama v. Mazda Motor*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

*Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

Complaints need not contain detailed factual allegations to support a default judgment motion, but there must be "more than an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the [p]laintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief." *Johnson v. Cate*, No. 1:09–cv–00502–OWW–SMS, 2009 WL 2151370, at *2 (E.D. Cal. July 17, 2009). It is the plaintiff's burden to demonstrate, in a motion for default judgment, that the complaint's factual allegations are legally sufficient to establish one or more of its claims and to entitle it to the specific relief requested. *Id.*

"As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an

5

amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *DirecTV, Inc. V. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (*citing DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)); *SunTrust Bank v. Milano*, No. 8:10–cv–01258–EAK–TBM, 2010 WL 2804855 at *1 (M.D. Fla. Jul. 15, 2010) (where plaintiff's complaint for breach of contract sought a liquidated sum, "[p]laintiff is entitled to final judgment for the liquidated sums . . . which are capable of mathematical computation or ascertainment from definite figures . . . in the documentary evidence or in detailed affidavits.").

"The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Abbott Lab'ys, Inc. v. Gen. Elec. Cap.*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). After reviewing the Complaint, the Motion, and the attached affidavit, Plaintiff sufficiently establishes a valid agreement, Defendant's breach, and damages. Plaintiff is therefore entitled to a default judgment on its breach of contract claims against Defendant.[3]

---

[3] If an express contract exists, then a claim for unjust enrichment fails. *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998).

6

Accordingly, it is **RECOMMENDED** that:

1.    The Motion (Doc. No. 11) be **GRANTED**;

2.    Plaintiff be awarded $485,240.32, plus pre-judgment interest at a rate of 4.31% per annum[4] on each overpayment under each annuity through the date of judgment, post judgment interest, and costs of $402; and

3.    The Court direct the Clerk to close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on May 4, 2021.

_Greg Kelly_
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[4] On April 1, 2021, the prejudgment interest rate for Florida changed from 4.81% to 4.31%. Florida's Chief Financial Officer, Division of Accounting and Auditing, https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm (last visited May 4, 2021).

Copies furnished to:

Counsel of Record
Unrepresented Parties