UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRANSAMERICA LIFE
INSURANCE COMPANY,**
        **Plaintiff,**

v.                               Case No. 6:20-cv-2258-ACC-GJK

**LAWRENCE E. WHITE, as
TRUSTEE of the LAWRENCE E.
WHITE TRUST,**
        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff Transamerica Life Insurance Company ("Transamerica") Motion for Entry of Second Amended Final Judgment against White as Trustee of the LWT96 Trust and in his individual capacity.

On December 14, 2020, Transamerica filed suit against "Lawrence E. White as Trustee of the Lawrence E. White Trust"[1] alleging breach of contract and unjust enrichment claims arising out of the annuity overpayments to LTW96 Land Trust that he allegedly controlled. On May 4, 2021, Magistrate Judge Kelly recommended granting the default judgment against White as Trustee, describing the facts as follows:

> In 2002, Plaintiff issued three Single Premium Immediate Annuities to the Lawrence E. White Trust, based on the life of annuitant Jacob W. Hoechst. *Id.* at ¶¶ 6-11. The annuities were life only annuities. *Id.*

---

[1] Transamerica mistakenly misidentified the LWT96 Trust in the original lawsuit and this Motion seeks to correct the error. (*See* Doc. 50 at 2 n.1).

Plaintiff made monthly payments on the annuities consistent with the contracts. *Id.* at ¶ 12. Attached to the Complaint are the Policy Data, Application, and Life Only Disclosures for each annuity. Doc. Nos. 1-1, 1-2, 1-3. "On January 10, 2020, [Defendant] notified [Plaintiff] that the annuitant had passed away [on] October 4, 2019, and that [Defendant] had received overpayments on the Annuities after the annuitant's death." Doc. No. 1 at ¶ 13. Plaintiff ended the monthly payments and requested repayment of the payments it made between October 4, 2019, and January 10, 2020. *Id.* at ¶ 15. Plaintiff made the following payments to Defendant during that time period:

> a. Three payments made after the annuitant's death on Annuity No. 7405701 of $83,487.74 each, in the total amount of $250,463.22.
>
> b. Three payments made after the annuitant's death on Annuity No. 7406418 of $56,832.02 each, in the total amount of $170,496.06.
>
> c. Four payments made after the annuitant's death on Annuity No. 7407504 of $16,070.26 each, in the total amount of $64,281.04.

*Id.* Plaintiff seeks $485,240.32 in overpayments from Defendant. Doc. No. 1 at ¶ 16. Plaintiff alleges that Defendant has not responded to its multiple written requests for repayment. *Id.* at ¶ 17. Plaintiff asserts claims for breach of contract and unjust enrichment for each of the three annuities. *Id.* at 4-7.

On December 28, 2020, Defendant was served with the complaint and summons. Doc. No. 8. Defendant has not appeared in this action, and on January 25, 2021, a clerk's default was entered against him. Doc. No. 10. On February 18, 2021, Plaintiff moved for entry of a default judgment by the clerk pursuant to Federal Rule of Civil Procedure 55(b)(1) (the "Motion"). Doc. No. 11. The Motion is supported by affidavits and requests that judgment be entered in the sum certain of $485,240.32, plus filing fee costs in the amount of $402, and prejudgment and post judgment interest. *Id.* at 5.

(Doc. 12; *see also* Doc. 13).

On May 27, 2021, the undersigned entered final default judgment for Transamerica against Lawrence E. White as Trustee of the Lawrence E. White Trust for the ten individual overpayments under three separate annuities totaling $485,240.32. (Doc. 15). The judgment was amended on June 29, 2021 to include the prejudgment interest of $31,665.73 and costs of $402, bringing the total amount to $516,906.05, in order to avoid individual calculations of interest on the separate amounts tied to ten different annuity overpayments, which was significantly complex. (Doc. 16).

On March 13, 2023 Transamerica filed its second case, *Transamerica Life Insurance Co. v. White*, Case No. 6:23-cv-452-ACC-DCI, asserting claims against White individually and against related entity and alter ego, PMSG, LLC, alleging that the annuity overpayments made to the LWT96 Trust were converted by and unjustly enriched White and PMSG when the funds were not returned and were used to pay a so-called "lender" and a group of investors connected to White. The Court granted summary judgment to Transamerica on its conversion and unjust enrichment claims in a 72-page Order entered on October 8, 2024. Transamerica was also awarded punitive damages, with only the amount of punitive damages on the conversion claim remaining to be tried. Case No. 6:23-cv-452-ACC-DCI (Doc. 178).

Two months later, on December 5, 2024, Transamerica filed its Motion for Entry of Second Amended Final Judgment against White as Trustee of the LWT96 Trust and in his individual capacity, arguing that based on the Court's summary

judgment findings and the common nucleus of operative facts in the two cases the Court should amend the case style to reflect that the Amended Final Judgment in this case is against White as Trustee of the LWT96 Trust and not the misnamed "Lawrence E. White Trust." Transamerica also argues that it substantially complied with Federal Rule of Civil Procedure 4(b), and the misnomer in the case style and complaint neither confused nor prejudiced Defendant White.

Although Plaintiff proceeding *pro se* in the case was served with Transamerica's Motion for Entry of Second Amended Final Judgment via the U.S. mail[2] at 414 Lillian Drive, Orlando, Florida 32806 on December 5, 2024, he has failed to timely respond. White's failure to respond to Transamerica's motion is subject to treatment as unopposed. *See* M.D. Fla. L.R. 3.01(c). ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Moreover, as Transamerica argues, the summons served on White substantially complied with Rule 4(b), he was not confused as to the nature of the lawsuit, and the technical misnomer in the case style did not prejudice him. Thus, service was effective upon White as Trustee of the LWT96 Trust.

Transamerica further seeks to enforce the Amended Final Judgment against Defendant White in "his individual capacity" based on the doctrine of *res judicata*.

---

[2] Although no counsel has filed any appearance in this case for White, Transamerica sent a copy of the Motion by email to White's counsel in the other active case, Case No. 23-cv-452. *See* Doc. 22 at 14.

However, this issue appears to be moot. In Case No. 6:23-cv-452, the Court held a bench trial on the amount of punitive damages on January 7, 2025 (*see* Doc. 199) and awarded $500,000 in punitive damages against White individually and PMSG as his alter ego on January 19, 2025.(Doc. 200). The Court heard White's testimony that confirmed the summary judgment evidence (two depositions) regarding his liability for conversion, unjust enrichment, and his personal management of the multiple trusts bearing his initials, in this case the LWT96 Trust. Transamerica has already been ordered to file a conforming proposed judgment within 14 days, which will include judgment against White in his individual capacity for compensatory and punitive damages.

Based on the foregoing, it is ordered as follows:

1. Plaintiff Transamerica Life Insurance Company Motion for Entry of Second Amended Final Judgment against White as Trustee of the LWT96 Trust and in his individual capacity is **GRANTED**. All other relief sought is **DENIED** as moot.

2. The Clerk is **DIRECTED** to amend the case style to reflect that the Defendant in the case is Lawrence E. White as Trustee of "the LWT96 Trust."

3. The Clerk is further **DIRECTED** to enter a second amended judgment nunc pro tunc May 27, 2021 awarding Plaintiff Transamerica Life Insurance Company against Lawrence E. White as Trustee of the LWT96 Trust the amount of $516,906.05, post judgment interest, and costs of $402.

- 6 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 22, 2025.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record